

Filed: 12/9/2022 5:20 PM
Clerk
St. Joseph County, Indiana

| STATE OF INDIANA | ) | IN THE ST. JOSEPH _____ COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF ST. JOSEPH | ) | CAUSE NO. 71D07-2212-CT-000491 |

ANN WATERS and MICHAEL WATERS, )
Individually and as the Parents and Guardians of )
G▇▇▇ W▇▇▇ and E▇▇▇▇ )
W▇▇▇, their minor children, )
　)
　　　　Plaintiffs, )
　)
vs. )
　)
WAL-MART STORES, INC., WALMART, INC., )
d/b/a SAM'S CLUB,  GO CONFIGURE, LLC., )
and unknown JOHN DOE assemblers, )
　)
　　　　Defendants. )

## COMPLAINT

The Plaintiffs, Ann Waters, Michael Waters, Individually and as the Parents and Natural Guardians of G▇▇▇ W▇▇▇ and E▇▇▇ W▇▇▇, by counsel and for their action against the Defendants, Wal-Mart Stores, Inc., Walmart, Inc. d/b/a Sam's Club, Go Configure and unknown John Doe assemblers, allege and state:

### INTRODUCTION

**Ann Waters was seriously injured on November 5, 2022 when an unanchored Backyard Discovery Skyfort (Skyfort) outside the Sam's Club in Mishawaka tipped over, narrowly missing the Waters children, and struck Ann Waters in the head.  In blatant and reckless disregard of the manufacturer's instructions, the Skyfort was not anchored, was rested on a concrete or asphalt surface, and was placed in a prominent location adjacent to the entrance and exit of the Mishawaka Sam's Club.  A picture of the unanchored Skyfort after Ann's injury is below:**

1




## The Parties, Jurisdiction, and Venue

1. Ann and Michael Waters are husband and wife and reside with their family in St. Joseph County, Indiana.

2. Ann Waters and Michael Waters are the parents and natural guardians of Plaintiffs G▒▒▒ and E▒▒▒▒ Waters.

3. Defendant Wal-Mart Stores, Inc. owns real estate in Mishawaka, Indiana, specifically parcel # 71-04-28-426-001.000-005, located on Indian Ridge Blvd. in Mishawaka,


Indiana.

4. Defendant Walmart, Inc. is a for profit corporation and the owner of a retail store known as Sam's Club ("Sam's Club") located at 120 Indian Ridge Blvd, Mishawaka which is located on the parcel owned by Wal-Mart Stores, Inc.

5. Go Configure, LLC., ("Go Configure"), is a for-profit company which has its home office at 55 West 39th Street, New York, New York, 10018. At all times relevant, Go Configure was in the business of selling assembly and installation of products, including outdoor play equipment, and did substantial business in the State of Indiana.

6. Go Configure has an exclusive relationship with Sam's Club to be the assembly provider for all outdoor play equipment sold by Sam's Club including Skyforts similar to the one which struck and injured Ann Waters. https://samsclub.goconfigure.com/

7. Go Configure does not actually have its employees assemble the play equipment sold through Sam's Club, but rather enters into sub-contracts with local third parties. https://goconfigure.com/terms-of-service/

8. Unknown Jon Doe assemblers are, upon information and belief, residents and citizens of Indiana who were subcontracted through Go Configure and actually assembled the Skyfort which struck and injured Ann Waters.

9. This Court has jurisdiction and proper venue over the subject matter in controversy in that the injuries at issue occurred in St. Joseph County, Indiana.


### Factual Allegations Common to All Claims

10. Sam's Club has been a long-time vendor of Backyard Discovery products, including the model of the Skyfort similar to the one which struck Ann Waters, to Sam's Club customers.

11. Prior to November 5, 2022, Sam's Club caused a Skyfort to be assembled and located on the sidewalk outside the Mishawaka Sam's Club.

12. Upon information and belief, Sam's Club contracted with Go Configure to assemble the Skyfort which struct and injured Ann Waters.

13. Upon information and belief, Go Configure contracted with unknown John Doe independent local contractor(s) who are believed to be residents and citizens of Indiana.

14. The Defendants all had extensive familiarity with the Skyfort and the safety requirement of ground anchoring of the Skyfort.

15. The Skyfort was deliberately placed by the Defendants adjacent to the entrance and exit of the Mishawaka Sam's Club.

16. The Defendants intentionally chose the placement of the Skyfort adjacent to the entrance and exit of the Mishawaka Sam's Club in an effort to increase sales of the Skyfort.

17. The Safety Instructions for the Skyfort provide the following "Safety Guideline:"

- **Anchors shall be placed as instructed to reduce tipping hazards.**

See Exhibit 1, General Information & Safety Booklet, page 8.

18. The Owner's Manual and Assembly Instructions for the Skyfort call for six (6) separate ground anchors to be attached to the Skyfort to prevent tipover. The Owner's Manual and Assembly Instructions for the Skyfort are attached as Exhibit 2. A true and correct image

4


from Step 70 of the Assembly Instructions is below:



19. The Defendants knowingly placed the Skyfort to be adjacent to the exit and entrance without installation of the safety anchors provided by the manufacturer of the Skyfort.

20. The manufacturer's Safety Guidelines instruct that the Skyfort should never be installed over concrete or asphalt. The Defendants knowingly and recklessly disregarded this instruction.

21. The ground stake anchors provided by the manufacturer were not designed to be used in concrete or asphalt.

22. The Defendants were all aware that the ground stake anchors provided by the manufacturer were an important safety feature of the Skyfort.

23. The Defendants were all aware that the Skyfort was not anchored using the ground stake anchors designed by the manufacturer.

24. Despite this knowledge, the Defendants made no effort to provide appropriate ground anchoring for the Skyfort.

25. Nearly four months before Ann Waters' injury, Backyard Discovery, the manufacturer of the Skyfort advised:

> [Y]ou should always ensure that all instruction manual steps are followed when it comes to assembling and anchoring your swing set — you should never cut corners or skip sections. This is to ensure absolute safety.

https://www.backyarddiscovery.com/blogs/swingsets-and-playsets/how-to-check-and-tighten-your-swing-set (July 14, 2022). [Highlight added.] The Defendants paid no attention to this advisement and knowingly, recklessly cut corners on absolute safety.

26. The Skyfort is over 12 feet high and weighs over 750 lbs.

27. The City of Mishawaka Zoning Ordinance defines structures such as the Skyfort as an "accessory building." Sec. 137-4 Accessory building ("includes ….A children's playhouse").


28. The parcel upon which Sam's Club is located is zoned C-1 General Commercial.

29. Placement of the Skyfort in the front of the Sam's Club violated the City of Mishawaka Zoning Code requirement that accessory buildings are only permitted "in the rear half yard area."

30. The City of Mishawaka Land Development Code, which includes the Zoning Code, was enacted "to provide minimum standards for the protection of life, health, environment, public safety and general welfare" of persons such as the Plaintiffs.

31. On November 4, 2022, the National Weather Service issued a high wind advisory for St. Joseph County beginning on Saturday morning, November 5, 2022, and lasting into the evening hours. Winds were forecasted to be between 20 mph and 30 mph with gusts up to 50 mph.

32. Despite this wind advisory, the Defendants failed to take any action to protect or warn persons entering the Sam's Club on November 5, 2022.

33. On November 5, 2022, Michael and Ann Waters and their two children, G▮ and E▮, drove to the Sam's Club parking lot, exited their vehicle and started walking towards the entrance to Sam's Club to shop.

34. At all relevant times, the Waters family were invitees of Wal-Mart Stores, Inc. and Sam's Club.

35. As the Waters family approached the entrance to Sam's Club, the unanchored Skyfort tipped over, striking Ann Waters in the head and crushing her beneath the toppled Skyfort.

36. G▮ and E▮ Waters were within inches of being struck by the tipping Skyfort and witnessed their mother being struck and covered by the Skyfort and the gruesome



aftermath.

37. Michael Waters was within feet of being struck by the Skyfort, witnessed his wife Ann being struck by the Skyfort, the narrow escape of his two children from the careening Skyfort, and the gruesome aftermath.

38. Ann Waters was knocked to the ground by the Skyfort and began bleeding profusely from her head and ear.

39. Ann Waters suffered lacerations, bruising and a severe and debilitating head injury which has prevented her from resuming her normal and gainful employment and normal activities of daily life.

40. Michael Waters has suffered emotional distress from witnessing the events described above.

41. Michael Waters has suffered the loss of services, society, and consortium because of the injury to his wife Ann.

42. G█████ and E█████ W█████ suffered emotional distress from their direct involvement and witnessing the events described above.

**I. Claims Against Wal-Mart Stores, Inc. and Sam's Club.**

The Plaintiffs, by counsel and for their claims of against Wal-Mart Stores, Inc. and Sam's Club, further allege and state:

43. Paragraphs 1 to 42 are incorporated by reference.

44. Sam's Club and Wal-Mart Stores, Inc. were the possessors and/or owners of the real estate upon which the Skyfort was negligently assembled and located.

45. Sam's Club and Wal-Mart Stores, Inc. negligently maintained the premises and


violated their duties to Plaintiffs.

46. Sam's Club and Wal-Mart Stores, Inc. are liable under Indiana law because they each owed a duty to the Plaintiffs to exercise reasonable care, breached their duties of care, and were reckless, careless, and grossly negligent.

47. Sam's Club and Wal-Mart Stores, Inc. violated the Mishawaka Zoning Code by their placement of the Skyfort, and that violation was not excused.

48. Sam's Club and Wal-Mart Stores, Inc., each had a non-delegable duty to ensure that the work of Go Configure and John Doe assemblers was done correctly.

49. As the assembly of the Skyfort is an act which will probably cause injury to others unless due precaution is taken, Sam's Club and Wal-Mart Stores, Inc. are responsible for the negligence of Defendants Go Configure and John Doe assemblers.

50. Sam's Club and Wal-Mart Stores, Inc, participated in, authorized, and/or directed the faulty assembly of the Skyfort and are both independently and vicariously liable for the wrongful acts and omissions of Go Configure and John Doe assemblers.

51. As a direct and proximate result of the reckless, careless, negligent, and wrongful acts and omissions of Sam's Club and Wal-Mart Stores, Inc, Plaintiff Ann Waters suffered severe and debilitating physical injuries, and all Plaintiffs have each suffered and will continue to suffer personal injuries, including but not limited to emotional distress.

WHEREFORE, the Plaintiffs each request judgment against Sam's Club and Walmart Stores, Inc. and seek an award of compensatory damages, punitive damages, costs, and all other just and proper relief.



## II. Claims Against Go Configure

The Plaintiffs, by counsel and for their claims against Defendant Go Configure, further allege and state:

52. Paragraphs 1 to 51 are incorporated by reference.

53. Go Configure is liable under Indiana law because it owed a duty to the Plaintiffs to exercise reasonable care, breached its duty of care, and was reckless, careless, and grossly negligent.

54. Go Configure had a non-delegable duty to ensure that the work of John Doe assemblers was done correctly.

55. As the assembly of the Skyfort is an act which will probably cause injury to others unless due precaution is taken, Go Configure is responsible for the negligence of Defendant John Doe assemblers.

56. Additionally, Go Configure failed to properly supervise John Does regarding the faulty assembly of the Skyfort.

57. Additionally, Go Configure negligently hired John Does to assemble the Skyfort.

58. Additionally, Go Configure participated in, authorized, and/or directed the faulty assembly of the Skyfort and is both independently and vicariously liable for the wrongful acts and omissions of John Doe assemblers.

59. As a direct and proximate result of the reckless, careless, negligent, and wrongful acts and omissions of Go Configure, Plaintiff Ann Waters suffered severe and debilitating physical injuries, and all Plaintiffs have each suffered and will continue to suffer personal injuries, including but not limited to emotional distress.

WHEREFORE, the Plaintiffs each request judgment against Go Configure and seek an



award of compensatory damages, punitive damages, costs, and all other just and proper relief.

## V. Claims Against John Does

The Plaintiffs, by counsel and for their claims against John Does, allege and state:

60. Paragraphs 1 to 59 are incorporated by reference.

61. John Does owed a duty to the Plaintiffs to exercise reasonable care.

62. John Does breached their duty of care and were reckless, careless, and negligent in assembling the Skyfort.

63. As a direct and proximate result of the reckless, careless, negligent, and wrongful acts and omissions of John Does, Plaintiff Ann Waters suffered severe and debilitating physical injuries, and all Plaintiffs have each suffered and will continue to suffer personal injuries, including but not limited to emotional distress.

WHEREFORE, the Plaintiffs each request judgment against John Does and seek an award of compensatory damages, punitive damages, costs, and all other just and proper relief.

## Jury Demand

The Plaintiffs, by counsel, demand trial by jury.

Respectfully submitted:

/s/ Charles P. Rice
Charles P. Rice (14640-71)
303 W. First Street
Mishawaka, Indiana 46544
574-232-0300
574-232-0400 (fax)
crice@murphyrice.com

**Attorneys for Plaintiffs**

11